■ In the Matter of PLAZA PONTIAC, INC., Doing Business as VAL-U PONTIAC ISUZU, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [633 NYS2d 553] —Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Department of Motor Vehicles, Administrative Appeals Board, dated August 10, 1993, as, after a hearing, awarded the complainant restitution in the sum of $7,245.94.

Adjudged that the petition is granted, on the law, with costs, so much of the determination as awarded the complainant the sum of $7,245.94 is annulled, and the matter is remitted to the respondent for determination of a new restitution award.

On April 20, 1990, the petitioner, Plaza Pontiac, Inc. d/b/a Val-U Pontiac Isuzu (hereinafter the petitioner) sold the complainant a new Isuzu vehicle. The complainant placed a down payment on the vehicle and financed the remaining cost through a loan with General Motors Acceptance Corporation (hereinafter GMAC). In addition, the complainant paid the petitioner $983.35 for borrower "GAP" insurance on the vehicle. However, although the petitioner accepted the GAP premium from the complainant, it failed to secure any GAP insurance for the vehicle. On April 30, 1991, the vehicle was stolen.

Following the theft the complainant contacted the petitioner to make a GAP insurance claim only to discover that no such insurance had ever been procured. The complainant then filed a complaint with the New York State Department of Motor Vehicles (hereinafter DMV) seeking restitution for the payment he would have received as a result of the theft if the petitioner had acquired the GAP insurance on his behalf.

After a hearing, the Administrative Law Judge (hereinafter ALJ) found that the petitioner had defrauded the complainant by selling him GAP insurance and then failing to take the necessary steps to effectuate such coverage. The ALJ suspended the petitioner's registration for ten days, imposed a $1,000 civil penalty, but found that "insufficient evidence ha[d] been adduced at [the] hearing to determine the amount of [the complainant's] loss". Thus, the ALJ declined to award any restitution. The petitioner appealed its suspension and the civil penalty imposed to the DMV's Administrative Appeals Board which issued a "Reinstated/Amended Restitution Notice After Appeal" in which it affirmed the imposition of the civil penalty and the suspension of petitioner's dealer registration, and modified the decision of the ALJ by awarding the complainant restitution in the sum of $7,245.94. The petitioner com-

menced this CPLR article 78 proceeding to review the determination insofar as it awarded restitution to the complainant.

While there was some evidence to conclude that the complainant incurred a financial loss as a result of the petitioner's fraud, there was insufficient evidence adduced to determine the amount of said loss. Specifically, there was no evidence establishing the actual cash value of the stolen vehicle on the date of loss or the amount which the complainant owed to GMAC on this date. Since GAP insurance is intended to cover the difference between these two components (see, Insurance Law § 107 [a] [former (52) (C)]), there was no evidence by which an award of restitution could be calculated.

The restitution awarded by the Administrative Appeals Board was erroneously based upon the amount which the complainant owed to GMAC more than one year after the date of loss. Moreover, the award also included reimbursement of both the down payment and GAP insurance premium which the complainant paid to the petitioner. Inasmuch as restitution is defined as "plac[ing] [the person] in the position he or she would have been, had the breach not occurred" (Black's Law Dictionary [6th ed 1990]), it was improper to refund these amounts which would not have been recovered by the complainant under a GAP insurance policy even if one had been acquired by the petitioner for his benefit (see, Insurance Law § 107 [a] [former (52) (C)]). Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.